Johnson, Chancellor,
dissenting. I do not know that the complainant ought to complain of the result, at which the Court have arrived. It may be, that he will receive more than he is, injustice, entitled to, and it may be less; but I must, and do, most respectfully, enter my protest against the means by which the Court have attained the result.
Since the explosion of what was called the £10 rule, as the measure of the annual hire of full task slaves, the only means left of attaining it are, 1st. actual profits, with reasonable diligence, and 2nd. what, under proper care and attention, they ought to have annually earned, under the peculiar circumstances of the case.
The accounts stated by the commissioner profess to be according to the first rule, excluding the second together, but on looking into the report, it will be found, that the actual profits do not enter into the account at all.
*343 Thomas Rainsford, has died pending these proceedings, and although his name is retained in the title of the case, the proceedings are now against his executors, who have been made parties. As an evidence of actual profits, the defendant exhibited inventories and appraisements of the estate of John Rainsford, devised to Thomas Rainsford, and of the estate of Thomas Rainsford, which shows that the acquisitions of Thomas Rainsford, exceeded the property he acquired by his father, John Rainsford’s will, by about $17,900 ; and taking this as the actual profit, the commissioner has apportioned the fund amongst the parties, according to the number of slaves employed. But it will also be observed, that in stating this account, no notice is taken of property, to the value of about $7000, bequeathed by John to Thomas Rainsford, employed in the production of what is assumed as the actual profits'; no allowance is made for Thomas Rainsford’s services, in managing the concern, nor for the use of the lands on which the slaves were employed, nor, for the labor of several slaves, acquired by Thomas Rainsford on his second marriage. On the other hand, there is no charge against Thomas Rainsford, for the subsistance of himself and his family, and the education of his children. In short, it will be found on the examination of the report, that the actual income of the joint capital was a mere trifle, and that the accounts were made upon an offer of a gross sum, tendered by the defendant, with some fanciful additions by the commissioner, which the complainant refused to accept. It may be, that ample justice is meted out to the complainant, by the report of the commissioner and the judgment of the Court; but I have grown up in the belief that justice is not arbitrary, but must be measured by rule.
DAVID JOHNSON.
Wardlaw & Wardlaw, & Carroll, for the motion.
Bauskett, contra.